DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Medina County Court of Common Pleas. We reverse and remand.
 I. {¶ 2} On April 7, 1993, the Medina County Grand Jury indicted Appellee, Steven O'Malley, on one count of felonious sexual penetration, in violation of R.C. 2907.12, an aggravated felony of the first degree, and one count of rape, in violation of R.C.2907.02, an aggravated felony of the first degree. Appellee pled guilty to the charges. The trial court, after determining that Appellee made his plea knowingly, voluntarily, and intelligently, accepted the plea. On September 22, 1993, the court sentenced Appellee to seven to 25 years on the felonious sexual penetration charge, and seven to 25 years on the rape charge, to be served concurrently.
 {¶ 3} On September 27, 2002, the trial court ordered Appellee returned to the court from prison for a sexual predator hearing pursuant to R.C. 2950.09(C). The hearing was held on July 23, 2004, and the parties were given an opportunity to submit post-hearing briefs. The State filed a brief in support of finding Appellee a sexual predator, Appellee filed a brief in opposition, and the State replied.
 {¶ 4} In a judgment entry dated April 18, 2005, the trial court entered a conditional sexual predator adjudication. While the court did not explicitly state whether or not it found Appellee to be a sexual predator, it determined that Appellee's classification upon release from prison would be conditioned upon his place of residence. Specifically, the court stated:
"[T]he Court finds, by clear and convincing evidence, that if the Defendant resides outside of a residential facility for mentally handicapped individuals upon his release from prison he should be labeled a sexual predator, but that if he resides in such a facility he should not be so labeled. In the event that he resided [sic] in such a facility, he should be labeled a sexually oriented offender."
The court did support this conclusion with specific factual findings regarding Appellee, the child victim, and the offenses. The State has timely appealed from this entry, asserting one assignment of error for review.
 II. Assignment of Error
"THE TRIAL COURT ERRED WHEN ISSUING A CONDITIONAL SEXUAL PREDATOR CLASSIFICATION THAT DOES NOT COMPORT WITH R.C. 2950.09(C)."
 {¶ 5} In its sole assignment of error, the State contends that the trial court erred when it issued a conditional sexual predator classification. The State argues that the court's adjudication does not comport with the legislative intent of the classification scheme set forth in R.C. 2950.02(A). We agree.
 {¶ 6} Generally, this Court reviews sexual predator adjudications to determine whether there is "`some competent credible evidence' to support the trial court's determination."State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. However, the instant case presents purely a question of law, and as such, we review the issue de novo. Akron v. Callaway,162 Ohio App.3d 781, 2005-Ohio-4095, at ¶ 23.
 {¶ 7} R.C. 2950.09(C) governs classification of individuals convicted prior to January 1, 1997, and states, in pertinent part:
"(c) * * * [I]n making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to, all of the factors specified in [R.C. 2950.09(B)(2) and (3)]. After reviewing all testimony and evidence presented at the sexual predator hearing and the factors specified in divisions (B)(2) and (3) of this section, the court shall determine by clear andconvincing evidence whether the offender is a sexual predator.
If the court determines at the sexual predator hearing that the offender is not a sexual predator, it also shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted.
"Upon making its determinations at the sexual predator hearing, the court shall proceed as follows:
"(i) If the court determines that the offender is not a sexual predator and that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted and previously has not been convicted of or pleaded guilty to a child-victim oriented offense, it shall include in the offender's institutional record its determinations and the reason or reasons why it determined that the offender is not a sexual predator.
"(ii) If the court determines that the offender is not a sexual predator but that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted or previously has been convicted of or pleaded guilty to a child-victim oriented offense, it shall include in the offender's institutional record its determination that the offender is not a sexual predator but is a habitual sex offender and the reason or reasons why it determined that the offender is not a sexual predator, shall attach the determinations and the reason or reasons to the offender's sentence, shall specify that the determinations were pursuant to division (C) of this section, shall provide a copy of the determinations and the reason or reasons to the offender, to the prosecuting attorney, and to the department of rehabilitation and correction, and may impose a requirement that the offender be subject to the community notification provisions contained in sections 2950.10 and 2950.11
of the Revised Code. In determining whether to impose the community notification requirements, the court, in the circumstances described in division (E)(2) of this section, shall apply the presumption specified in that division. The offender shall not be subject to those community notification provisions relative to the sexually oriented offense in question if the court does not so impose the requirement described in this division. If the court imposes that requirement, the offender may appeal the judge's determination that the offender is a habitual sex offender.
"(iii) If the court determines by clear and convincing evidence that the offender is a sexual predator, it shall enter its determination in the offender's institutional record, shall attach the determination to the offender's sentence, shall specify that the determination was pursuant to division (C) of this section, and shall provide a copy of the determination to the offender, to the prosecuting attorney, and to the department of rehabilitation and correction. The offender and the prosecutor may appeal as a matter of right the judge's determination under divisions (C)(2)(a) and (c) of this section as to whether the offender is, or is not, a sexual predator." (Emphasis added.) R.C. 2950.09(C)(2)(c).
 {¶ 8} The statute requires the trial court to find that the offender either is or is not a sexual predator, and does not authorize a conditional sexual predator classification. In this case, the court found by clear and convincing evidence a number of facts and circumstances that would tend to support a sexual predator finding. We presume that the court made these findings in accordance with the factors to be considered when making a sexual predator adjudication, as presented in R.C. 2950.09(B)(3), but the court did not state so in its entry. However, because R.C. 2950.09(C) does not authorize a court to enter a conditional adjudication, the order does not comply with the statute's requirements. Therefore, this Court must conclude that the adjudication amounts to error.
 {¶ 9} The State's assignment of error is sustained, and we remand the case to the trial court to enter a classification in accordance with R.C. 2950.09(C).
 III. {¶ 10} The State's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Carr, J. concur.